IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

OR-CAL, INC., an Oregon
corporation,

       Plaintiff,

  v.

TESSENDERLO KERLEY, INC.,
a Delaware corporation,

       Defendant.

Case No. 6:14-cv-01074-AA
OPINION AND ORDER

---

Timothy B. McCormack
McCormack Intellectual Property Law
617 Lee Street
Seattle, Washington 98109
    Attorney for plaintiff

Jenna Leigh Mooney
Davis Wright Tremaine, LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201

Kevin M. Green
Whitney Sedwick Meister
Fennemore Craig, PC
2394 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
    Attorneys for defendant

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Defendant Tessenderlo Kerley, Inc. moves to transfer venue pursuant to 28 U.S.C. § 1404(a). Defendant's motion is granted.

## BACKGROUND

Plaintiff Or-Cal, Inc. is an Oregon corporation with its principal place of business in Oregon. Defendant is a Delaware corporations with its principal place of business in Arizona. On January 29, 2004, plaintiff and defendant entered into a written agreement ("Contract") pertaining to the manufacturing, formulating, packaging, and labeling of 28% Calcium Polysulfide solution, an agricultural pesticide. Defendant drafted the Contract. In June 2014, defendant notified plaintiff that it did not intend to honor the Contract's non-compete provision after December 31, 2014, the date the Contract is slated to lapse.

On July 3, 2014, plaintiff filed a complaint in this Court alleging a claim for declaratory judgement regarding the respective rights and duties of the parties in relation to the Contract's non-compete provision for the upcoming 2015 growing season. On July 22, 2014, defendant filed the present motion to transfer venue to the United States District Court for the District of Arizona ("District of Arizona"), premised on the Contract's forum selection clause.

## STANDARD

The court ordinarily considers the following non-exclusive factors in determining whether to transfer venue pursuant to 28 U.S.C. § 1404(a):

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the

Page 2 - OPINION AND ORDER

plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir.), cert. denied, 531 U.S. 928 (2000).

A valid and mandatory contractual forum selection clause, however, alters the court's 28 U.S.C. § 1404(a) analysis. Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas, 134 S.Ct. 568, 579-81 (2013). In such cases, the plaintiff bears the burden of establishing that transfer is unwarranted, and the plaintiff's choice of forum and the parties' private interests merit no weight, effectively limiting the court's consideration to any arguments concerning public-interest factors. Id. at 581-82; see also Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1140 (9th Cir. 2004) (non-permissive forum selection clauses are "presumptively valid" and "should be honored absent some compelling and countervailing reason," such that "[t]he party challenging the clause bears a heavy burden of proof and must clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching") (citation and internal quotations omitted).

## DISCUSSION

Plaintiff opposes defendant's motion because the Contract's forum selection clause "is permissive due to its notable lack of exclusive command words, instead utilizing the permissive word 'may.'" Pl.'s Resp. to Mot. Transfer 5. According to plaintiff, Atlantic is inapplicable and, under the balancing factors articulated in Jones, venue is proper in this District. Conversely,

defendant asserts that <u>Atlantic</u> governs, regardless of whether the forum selection clause is permissive or mandatory,[1] such that this case should be transferred to the District of Arizona consistent with the Contract's express terms. The resolution of defendant's motion therefore hinges on whether the Contract's forum selection clause is mandatory or permissive.

"The question whether the forum selection clause is mandatory or permissive is a matter of contract interpretation." <u>N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.</u>, 69 F.3d 1034, 1036 (9th Cir. 1995). When interpreting a contract, "the common or normal meaning of language will be given to the words" and ambiguous language should be construed "against the drafter." <u>Hunt Wesson Foods, Inc. v. Supreme Oil Co.</u>, 817 F.2d 75, 77-78 (9th Cir. 1987). Accordingly, "[t]o be mandatory, a clause must contain language that clearly designates a forum as the exclusive one." <u>N. Cal. Dist. Council</u>, 69 F.3d at 1037.

---

[1] Defendant argues, for the first time in its reply brief, that <u>Atlantic</u> applies to any valid forum selection clause. In other words, "[a]pplication of <u>Atlantic Marine</u> does not turn on whether a clause is deemed mandatory or permissive." Def.'s Reply to Mot. Transfer 4 (citing <u>United Am. Healthcare Corp. v. Backs</u>, 2014 WL 555194, *7-9 (E.D.Mich. Feb. 12, 2014)). The Court need not reach this issue because, as discussed herein, the Contract's forum selection clause is non-permissive and it is undisputed that <u>Atlantic</u> governs in these circumstances. The Court nonetheless notes that, while not dispositive, the case cited by defendant does not directly support its argument. See <u>Backs</u>, 2014 WL 555194 at *8 (stating only that "[d]efendants have cited no authority showing that [the mandatory/permissive] distinction is even relevant in this jurisdiction, nor any authority showing that such a distinction would change this Court's analysis of a section 1404 issue"). Further, contrary to defendant's assertion, "[i]f the forum-selection clause is permissive, the courts have consistently declined to apply <u>Atlantic Marine</u>." <u>Fin. Cas. & Sur., Inc. v. Parker</u>, 2014 WL 2515136, *3 (S.D.Tex. June 4, 2014) (collecting cases).

Page 4 - OPINION AND ORDER

The Contract's forum selection clause states, in relevant part:

> [t]his Agreement shall be deemed to have been executed in the State of Arizona, U.S.A., and shall be governed by the laws of Arizona. Each party herein irrevocably waives any objection it may have to the jurisdiction, convenience of the forum, and agrees to submit to the jurisdiction and final decision of the courts, State and Federal, of the State of Arizona, for any action arising under this Agreement . . . Each Party further consents to the enforcement of any judgment or order of said courts in any jurisdiction where it has assets or may be found.

Compl. Ex. 1, at 11. Initially, it is undisputed that this lawsuit qualifies as "any action arising under" the Contract. As plaintiff correctly notes, the Contract language at issue here "fails to use either the word 'only,' 'must,' 'sole,' 'exclusive,' or 'shall.'" Pl.'s Resp. to Mot. Transfer 8.

Nonetheless, the Court finds that although it is not drafted as precisely as it could be, the Contract's forum selection clause unambiguously designates Arizona as the exclusive forum. Notably, pursuant to the express language of this provision, plaintiff "irrevocably waive[d] any objection" to both "the jurisdiction" and the "convenience of the forum" of Arizona. Compl. Ex. 1, at 11. Additionally, plaintiff "agree[d] to submit to the jurisdiction and final decision" of Arizona's state and federal courts. Id. In other words, plaintiff unconditionally submitted to the jurisdiction and venue of Arizona. As such, contrary to plaintiff's assertion, the Contract's forum selection clause does not merely represent non-exclusive consent to Arizona's jurisdiction over this action. Indeed, adopting plaintiff's interpretation would render words and phrases within this provision meaningless.

Thus, when imbued with its plain meaning, the Contract's forum

Page 5 - OPINION AND ORDER

selection clause can only be reasonably read as mandatory. As a result, the heightened standard outlined in Atlantic applies. Plaintiff's choice of forum and the parties' private interests are immaterial; instead, this Court "may consider arguments about public-interest factors only [although] those factors will rarely defeat a transfer motion." Atlantic, 134 S.Ct. at 582.

Here, plaintiff's brief is silent concerning any public interest factors. This is likely because, as defendant observes, this dispute "concerns the business agreements of two private companies," such that no public-interest considerations are implicated. Def.'s Mem. in Supp. of Mot. Transfer 6. Moreover, plaintiff does not argue that the Contract's forum selection clause resulted from fraud, undue influence, or overwhelming bargaining power. See Murphy, 362 F.3d at 1141. While plaintiff denotes the disparity between the parties' relative financial abilities, as well as the "significant expense and hardship" it would suffer if forced to litigate elsewhere, plaintiff does not contend that it will be deprived of its day in court if this case is transferred to the District of Arizona. Horn Decl. ¶¶ 31-32. Therefore, the Court finds that no compelling reasons or other exceptional circumstances exist in the case at bar which would counsel against enforcement of the Contract's valid and mandatory forum selection clause. Defendant's motion is granted.

## CONCLUSION

Defendant's motion to transfer venue (doc. 6) is GRANTED. This case shall be transferred to the District of Arizona.

IT IS SO ORDERED

Dated this /8th of September 2014.

                                Ann Aiken
                 United States District Judge